UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MU TECH, INC.,<br><br>                         Plaintiff,<br><br>v.<br><br>CATHERINE CHAN KOK YIN, THOMAS LEE CHEUK WAI, MAJESTIC PLAN INVESTMENTS LIMITED, BELTON TECHNOLOGY, INC., AND DOES 1 THRU 50,<br><br>                        Defendants. | Case No.: 3:24-cv-01976-JAH-VET<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER AND SETTING BRIEFING SCHEDULE AND HEARING FOR PRELIMINARY INJUNCTION**<br><br>**[ECF No. 6]** |

      Pending before the Court is Plaintiff Mu Tech, Inc's ("Plaintiff" or "Mu Tech") Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction. ECF No. 6 ("Motion" or "Mot."). Plaintiff requests this Court to issue a TRO and preliminary injunction prohibiting Defendants from divulging, using, disclosing, relying on, or otherwise making publicly available any of Plaintiff's licensed intellectual property. *Id.*

      Plaintiff is the exclusive licensee of proprietary and confidential intellectual property from the company Asia Top Loyalty, Inc. ("ATL") for North American territories. Mot. at 2. ATL is the owner of intellectual property and information, including trade secrets related to ATL's loyalty points exchange and proprietary system for eCommerce, pay-with-points, co-brand Mastercard and a buy-now, pay-later system. *Id.* Plaintiff alleges that the Defendants Catherine Chan and Thomas Lee breached the non-disclosure and non-compete provisions contained in a Guarantee Agreement entered into with the President, CEO, and Director of ATL. *Id.* at 3. Specifically, Plaintiff claims that Defendants formed

1

and promoted a look-alike company called "AsiaTop Loyalty Alliance Limited" and created an "unauthorized website" with the domain https://www.asiatopalliance.com, which has since been removed. *Id.* Plaintiff also claims that Defendant has created a LinkedIn website with the name "AsiaTop Loyalty Alliance," replicating the same business model as ATL thereby causing customer confusion. *Id.* at 4. As a result, Plaintiff claims that it is likely to suffer irreparable harm in the absence of a preliminary injunction because it is in "real jeopardy of losing all of its ability to complete its initial public offering ('IPO')" due to marketplace confusion. *Id.* at 5.

Under Federal Rule of Civil Procedure 65, a TRO may be issued without written or oral notice to the adverse party or its counsel only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed.R.Civ.P. 65(b)(1). The Ninth Circuit has made clear that there are "very limited circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (explaining the issuance of a TRO may be appropriate in circumstances where notice to the adverse party is impossible because of an unknown identity or location).

Here, the Court finds Plaintiff's TRO application and supporting evidence is procedurally deficient to support this Court's issuance of a TRO for two reasons. First, Plaintiff fails to provide specific facts demonstrating immediate and irreparable injury, loss, or damage before the adverse party can be heard in opposition. While Plaintiff argues that the completion of its IPO is in danger, Plaintiff fails to provide facts or details demonstrating immediate inability to raise capital or lost opportunities that would impact its IPO. Mot. at 5. And, according to Plaintiff, "Defendants have taken down the website." *Id.* at 3. Second, Plaintiff fails to certify in writing any efforts made to give notice (written or oral) to the adverse party and the reasons why it should not be required. Accordingly, the Court **DENIES** Plaintiff's Motion for a TRO and **ORDERS** the parties to brief the

Plaintiff's Motion solely with respect to the preliminary injunction. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff shall serve a copy of its Motion (ECF No. 6) to all Defendants no later than **December 17, 2024**;
2. Defendants shall file an opposition to Plaintiff's Motion on or before **January 2, 2025**;
3. Plaintiff may file a reply no later than **January 8, 2025,** at **NOON**; and
4. A hearing shall be held on **January 22, 2025,** at **1:00 p.m.**

**IT IS SO ORDERED.**

DATED: December 13, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE